UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:07-cr-0012-WTL-DKL-1 |
| | ) | |
| MELISSA GIBSON, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable William T. Lawrence, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on June 5, 2014, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on June 11, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On June 11, 2014, defendant Melissa Gibson appeared in person with her appointed counsel, Joe Cleary. The government appeared by Brad Blackington, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Ross Carothers, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Ms. Gibson of her right to remain silent, her right to counsel, and her right to be advised of the charges against her. The court asked Ms. Gibson questions to ensure that she had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Ms. Gibson and her counsel, who informed the court they had reviewed the Petition and that Ms. Gibson understood the violations alleged. Ms. Gibson waived further reading of the Petition.

3. The court advised Ms. Gibson of her right to a preliminary hearing and its purpose in regard to the alleged violations of her supervised release specified in the Petition. Ms. Gibson was advised of the rights she would have at a preliminary hearing. Ms. Gibson stated that she wished to waive her right to a preliminary hearing.

4. Ms. Gibson stipulated that there is a basis in fact to hold her on the specifications of violations of supervised release as set forth in the Petition. Ms. Gibson executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Ms. Gibson of her right to a hearing on the Petition and of her rights in connection with a hearing. The court specifically advised her that at a hearing, she would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against her unless the court determined that the interests of justice did not require a witness to appear.

6. Ms. Gibson, by counsel, stipulated that she committed Violation Numbers 1, 2, 3, 4, 5, 6, 7, and 8 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband in plain view of the probation officer."** |

On May 28, 2014, probation officers attempted to visit the offender at her residence at 11:30 a.m. The offender's boyfriend, Lance Sisk, exited the residence and closed the door behind him. He stated the offender was gone with her mother Debbie Ewing. The probation officer left the residence and called the offender's mother. Mrs. Ewing stated she had not spoken with her daughter in two weeks.

Probation officers returned to the residence and again spoke with Mr. Sisk. He was adamant that the offender was not home, but refused to allow probation officers to enter the residence. On May 30, 2014, the offender admitted she was home on May 28, 2014. She instructed Mr. Sisk to tell her probation officer she was not home, because she would not pass a drug test.

| | |
|---|---|
| 2 | **"The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |

On May 28, 2014, the probation officer contacted the offender on Lance Sisk's mobile phone and personally instructed her to report to the U.S. Probation Office the following day at 9:00 a.m. for a urine test. Ms. Gibson stated she would report as directed, but she failed to call or report in person as instructed.

| | |
|---|---|
| 3 | **"The defendant shall not commit another federal, state, or local crime."** |
| 4 | **"The defendant shall not unlawfully possess a controlled substance."** |

On May 30, 2014, probation officers conducted a search of the offender's residence and found .7 grams of methamphetamine, a digital scale, and ceramic pipes under the offender's bed in her bedroom. The Mooresville Police Department seized the contraband and state charges may be filed.

| | |
|---|---|
| 5 | **"The defendant shall refrain from unlawful use of a controlled substance."** |

| | | |
|---|---|---|
| | 6 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| | 7 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.** |

A urine sample collected from the offender on May 30, 2014, was positive for amphetamines, cannabinoids, and opiates. Ms. Gibson subsequently admitted ingesting marijuana, methamphetamine, and Vicodin, which was not prescribed to her.

        8        **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."**

On May 28, 2014, probation officers were attempting to locate the offender and received information that she may be staying with Brooke N. Robinson in Mooresville. Probation officers spoke with Ms. Robinson, who was wearing an electronic monitoring transmitter, and she confirmed being friends with the offender. She stated they either see each other or speak weekly. Ms. Robinson was convicted of Possession of a Controlled Substance, a felony, on January 30, 2014, in Morgan County, Indiana. The offender did not have permission to associate with this convicted offender.

7. The court placed Ms. Gibson under oath and directly inquired of Ms. Gibson whether she admitted violations 1, 2, 3, 4, 5, 6, 7, and 8 of her supervised release set forth above. Ms. Gibson admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

    (a)    The highest grade of Violation (Violation 3) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b)    Mr. Gibson' criminal history category is 1.

    (c)    The range of imprisonment applicable upon revocation of Mr. Reeves' supervised release, therefore, is 4-10 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties agreed on the appropriate disposition of the Petition to recommend to the court as follows: (a) the defendant's supervised release is to be revoked; (b) the defendant

will be sentenced to the Bureau of Prisons for a period of six (6) months, with no supervised release to follow; (c) the defendant is to be taken into immediate custody.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, MELISSA GIBSON, violated the above-specified conditions in the Petition and that her supervised release should be and therefore is **REVOKED**, and she is sentenced to the custody of the Attorney General or his designee for a period of six (6) months, with no supervised release to follow. The defendant is to be taken into immediate custody.

Counsel for the parties and Ms. Gibson stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Ms. Gibson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Ms. Gibson' supervised release, imposing a sentence of imprisonment of six (6) months, with no supervised release to follow. The defendant is to be taken into immediate custody.

IT IS SO RECOMMENDED.

Date: 06/12/2014

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal